UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JASMINE MCDANIEL, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 4:16 CV 1608 RWS |
| ALANA BOYLES, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Petitioner Jasmine McDaniel's petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I find that McDaniel's claims are without merit and, as a result, her petition will be denied.

**I.   Background**

On October 10, 2012, Jasmine McDaniel was charged with robbery in the second-degree under Mo. Rev. Stat. § 569.030 (2012). On March 5, 2013, in the Circuit Court of Warren Country, Missouri, McDaniel pleaded guilty to the charge. At the plea hearing she admitted that, on June 25, 2012, she forcibly stole money in the care of a bank teller at First State Community Bank. She entered the bank, approached the teller's window, and threw the teller an envelope which had written on it, "This is a robbery." McDaniel snatched money from the teller's hand and left

the bank. Police reviewed the surveillance footage and made contact with McDaniel based on the description they were given. McDaniel was interviewed by the FBI and she told them that she had given a note to a teller, got the money, and left. When the circuit judge asked McDaniel if she agreed those were the facts the State would have to prove if the case went to trial, McDaniel initially protested by stating, "I gave the teller two pages of documents that said 'cry for help' on the note . . . ." She then followed this statement by adding: "but I do understand what you're saying." When the judge asked for clarification from McDaniel whether she knew these were the facts that would be presented at trial, McDaniel said, "Yes."

At the plea hearing, McDaniel testified that she understood her constitutional rights relating to a criminal trial and that she further understood that she was waiving those rights by pleading guilty. McDaniel testified that she understood that by pleading guilty, she was admitting the essential elements of the charge: namely, that on or about June 25, 2012, she forcibly stole money from a bank. McDaniel testified that she had not received any threats or promises to cause her to plead guilty, nor had she received any promises regarding the sentence she would receive. The judge found a factual basis for her plea, and finding her plea to be knowing and voluntary, accepted the plea.

On May 7, 2013, McDaniel appeared for sentencing. Evidence was presented that five days before she robbed the bank in Missouri, McDaniel had

2

robbed a bank in Pennsylvania. The judge sentenced McDaniel to fifteen years imprisonment.

On June 17, 2013, McDaniel filed a Missouri Supreme Court Rule 24.035 post-conviction motion. Her post-conviction motion was amended by appointed counsel on October 18, 2013. The amended motion alleged there was an insufficient factual basis to support a guilty plea to second-degree robbery because there were no facts set forth that McDaniel "forcibly stole." The amended motion further alleged ineffective assistance of counsel by asserting that McDaniel's plea attorney did not tell McDaniel that she had a defense to the "forcibly stole" element of second-degree robbery.

At an evidentiary hearing held August 26, 2014, McDaniel's plea attorney testified that she went over all of the discovery with McDaniel. Her attorney also reviewed possible defenses and trial strategies with McDaniel. McDaniel's attorney thought there was enough evidence to establish the elements for robbery. Her attorney specifically recalled that McDaniel wanted the charge to be reduced to a misdemeanor stealing and that she told McDaniel that she didn't think that was realistic to expect based on the evidence including the note McDaniel used which stated, "This is a robbery." McDaniel's plea attorney stated that based on the evidence, "there was no way a prosecutor would agree to a misdemeanor and no way that we would be able to get one from a jury." [Doc. # 6-2, Ex. B, p.12] The

attorney recalled that the State was seeking the maximum penalty of fifteen years. The attorney testified that she explained to McDaniel what a blind plea of guilty was and that it was McDaniel's own choice to enter a blind plea of guilty.

McDaniel's testimony consisted mostly of her insistence that she had merely committed stealing, not robbery, however she admitted that the envelope that she handed to the bank teller stated, "This is a robbery."[1] [Id. at 20] The envelope contained papers (a note) about human rights issues. McDaniel characterized the note as a "cry for help." [Id. at 18] McDaniel testified at the hearing that her attorney did not tell her she had a potential defense to robbery based on insufficient proof of force. [Id. at 15] After the hearing, the motion court denied the motion in a written judgment without making specific findings of fact and conclusions of law. [Doc. # 6-1, Ex. A, p.60]

On October 1, 2014, McDaniel appealed the denial of her post-conviction motion to the Missouri Court of Appeals. She raised three grounds for relief. First, McDaniel claimed that the motion court clearly erred denying her Rule 24.035

---

[1]  [Q.] … And on the outside of the note on the envelope itself there was an envelope with the note; correct?
A. It was an envelope, yes.
Q. And it said what on the envelope itself? Three words, four words?
…
Q. It said this is a robbery; right?
A. It was not a robbery.
Q. That's what the note said, that's what the envelope said right; ma'am? Yes or no?
A. I believe that's what it said.
[Doc. # 6-2, pp. 19–20]

motion after an evidentiary hearing because her guilty plea to second-degree robbery was invalid given that no adequate factual basis was shown to support the plea. She argued that the State neither alleged nor did McDaniel admit any facts supporting the use or threat to immediately use force against the bank teller per the requirements for finding second-degree robbery. Second, McDaniel asserted that the motion court erred in denying her ground for relief, claiming that plea counsel was ineffective for failing to advise her that she could have asserted the State's inability to establish the force or threat of force element of second-degree robbery as a defense at trial. Third, McDaniel asserted that the motion court clearly erred in denying her motion without entering specific findings of fact and conclusions of law in its order and judgment because this failure rendered meaningful appellate review of her motion impossible. The court affirmed the motion court's judgment in a per curiam opinion, and in an attached nonprecedential memorandum rejected all three of McDaniel's claims. [Doc. # 6-5, Ex. E, p. 9] On October 14, 2016, McDaniel filed the instant petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus.

## II. Legal Standard

A federal district court's power to review state court criminal decisions in a federal habeas corpus proceeding is limited. Harrington v. Richter, 562 U.S. 86, 92 (2011). "[I]t is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) (citations omitted). A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in Williams v. Taylor, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if "the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular

state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. Without providing a specific standard, the Court noted that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410. Specifically, for a federal court to grant a writ of habeas corpus, a state prisoner must show that "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 102.

As with legal findings, "a determination of a factual issue by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In addition, claims in a habeas petition "that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted." Skillicorn v. Luebbers, 475 F.3d 965, 976 (8th Cir. 2007). "Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a court may not reach the merits of procedurally defaulted claims in which

the petitioner failed to follow applicable state procedural rules in raising the claims." Id.

## III. Discussion

McDaniel asserts four grounds for relief. First, McDaniel claims that her guilty plea violated due process because there was no trial; she received ineffective assistance of counsel; and the court failed to comply with Missouri Supreme Court 24.02(a). [Doc. # 1, Pet. p. 5] Second, McDaniel contends that the guilty plea was improper because there was no factual basis for her guilty plea to second-degree robbery. [Id. at 7] Third, McDaniel claims that her counsel was ineffective because counsel did not explain that her conduct did not qualify as second-degree robbery. [Id. at 8] Fourth, McDaniel repeated a broad claim that her due process and equal protection rights were violated at her guilty plea. [Id. at 10][2]

### A. Due Process Rights

McDaniel's first claim contains three separate and distinct arguments. She asserts that her right to due process was violated because she was denied a trial;

---

[2] Additionally, McDaniel appears to suggest an argument that her conviction under Missouri law relies on a statute that has been explicitly revised to require that second-degree robbery involves the forcible stealing of property which "causes physical injury to another person," a requirement which McDaniel alleges she had not committed. Mo. Rev. Stat. § 570.025; (Doc. 1, 13–14). Under the statute that McDaniel was convicted under, and which applies to her case, the additional statutory language requiring physical injury to another person was not included. Mo. Rev. Stat. § 569.030 (2014); see In Matter of the Care & Treatment of Murphy, 477 S.W.3d 77, 82 (Mo. Ct. App. 2015) ("[N]ew statutes are presumed to operate prospectively unless 'otherwise expressly provided.'"); see also Mo. Rev. Stat. § 1.150 ("[N]or shall any law repealing any former law, clause or provision abate, annul or in any wise affect any proceedings had or commenced under or by virtue of the law so repealed, but the same is as effectual and shall be proceeded on to final judgment and termination as if the repealing law had not passed, unless it is otherwise expressly provided.").

she was denied the effective assistance of counsel; and because the state court failed to follow Missouri Supreme Court Rule 24.02(a).

The argument that McDaniel's due process rights were violated by being denied a trial, if construed broadly, is one that lacks any supporting factual basis. If this claim is instead narrowed to conform generally with McDaniel's overall assertion that her guilty plea was deficient either due to a lack of sufficient factual basis for her guilty plea or due to the ineffective assistance of counsel, then this aspect of her first claim is appropriately addressed below in discussing McDaniel's second claim. Similarly, McDaniel's argument here, to the extent that it relates to the ineffective assistance of counsel, is appropriately addressed below as part of her third claim.

McDaniel's final assertion in her first claim that the state court failed to comply with Rule 24.02(a) is not cognizable in a § 2254 proceeding. A claim disputing whether the state court followed a local rule is not grounds for relief under 28 U.S.C. § 2254(a). If construed in this way, this claim is the same as that alleged in McDaniel's third claim and is addressed below.

**B. Factual Basis of Guilty Plea**

McDaniel's asserts that her guilty plea was rendered involuntary, unknowing, and unintelligent because she was induced to plead guilty for a charge of second-degree robbery when facts of her case fail to show that she forcibly stole

money. She asserts that she only committed a stealing offense. The state trial and appellate courts previously addressed this issue, finding that under Missouri law, the actions that McDaniel was charged with committing would be sufficient to satisfy the statutory requirements for second-degree robbery. [Doc. # 6-1, p. 18; 6-5, p. 8]

The trial court judge appropriately clarified the facts that would have been presented at trial and implications of pleading guilty to McDaniel, and concluded that "there's a factual basis for the plea [of guilty]. I will find the defendant understands the nature of the charge, her plea is voluntary and unequivocal. Her plea will be accepted." (Doc. 6-1, 18).

The appellate court addressed the legal basis for McDaniel's guilty plea in detail, stating:

> In State v. Coleman, 463 S.W.3d 353 (Mo. banc 2015), the defendant bank robber argued that unlike the defendant in Brooks, he did not make any threatening physical gestures or raise his voice in a threatening manner to the bank teller when he robbed the bank. Id. at 354–55. He asserted that he simply walked into the bank, asked for money and then left the bank once the teller gave him the bag of money. Id. at 355. The Court found this distinction to be without a difference because determining the existence of a threat is an objective test that depends on whether a reasonable person would believe the defendant's conduct was a threat of the immediate use of physical force. Id., citing Brooks, 446 S.W.3d at 676. The Court noted that banks are regular targets of robberies, and bank employees have a heightened awareness of security threats. Coleman, 463 S.W.3d at 355; Brooks, 446 S.W.3d at 676. A demand for money in that context is an implicit threat of the use of force in and of itself. Coleman, 463 S.W.3d at 355; Brooks, 446 S.W.3d at 676, citing United States v.

> Gilmore, 282 F.3d 398, 402–03 (6th Cir.2002) (stating that oral or written demands for money in a bank "carry with them an implicit threat: if the money is not produced, harm to the teller or other bank employee may result").
>
> In the instant case, Appellant concedes the facts presented at the guilty plea hearing were that she went to the teller window of the bank, threw the teller an envelope which had written on it, "This is a robbery," snatched the money from the teller's hand, and left the building. These facts, like those set forth in Coleman, are sufficient to constitute second-degree robbery as defined in Sections 569.030 and 569.010(1). A demand for money in that context is an implicit threat of the use of force in and of itself, Coleman, 463 S.W.3d at 355; Brooks, 446 S.W.3d at 676, thus fulfilling the requirements of the second-degree robbery statutes.
>
> Based on the foregoing, Appellant's actions as set forth and admitted at the guilty plea proceeding were sufficient to satisfy the elements of second-degree robbery as laid out in the relevant statutes and as charged in the State's information. Appellant admitted these facts were true and correct and thus her plea of guilty to second-degree robbery was satisfactory and the motion court did not err in accepting it. . . .

[Doc. # 6-5, pp. 7–8]

McDaniel does not provide any factual grounds or analysis to overcome the previous decisions of the state courts. The state court's legal findings are not "so lacking in justification" that there is reason to set aside these determinations and subject the prior decision to review by this Court. Harrington v. Richter, 562 U.S. 86, 102 (2011). Moreover, McDaniel does not provide any evidence that the state courts' decisions were contrary to, or involved an unreasonable application of, clearly established federal law. Nor did McDaniel establish that the state courts' decisions were based on unreasonable determination of the facts in light of the

evidence presented in the state court proceedings. As a result, this ground for relief will be denied.

### C. Ineffective Assistance of Counsel

To prevail on a claim alleging ineffective assistance of counsel, a defendant must satisfy the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). For a convicted defendant to prove that his counsel was ineffective, the defendant must first show that the counsel's performance was deficient. Strickland, 466 U.S. at 687. This requires the defendant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. A defendant can demonstrate that counsel's performance was deficient where counsel's performance "'fell below an objective standard of reasonableness.'" Wiggins v. Smith, 539 U.S. 510, 522 (2003) (quoting Strickland, 466 U.S. at 688). But "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." United States v. Rice, 449 F.3d 887, 897 (8th Cir. 2006) (quoting Strickland, 466 U.S. at 690). And "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689). If the defendant fails to show that his counsel was deficient, the court need not address the second prong of the Strickland test. Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002).

Second, a defendant must demonstrate that the deficient performance was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The Eighth Circuit has described the Strickland test as follows: the questions a court must ask are "[w]hether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000). When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Considered objectively, counsel's performance is gauged by "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" Fields, 201 F.3d at 1027 (quoting Strickland, 466 U.S. at 688). "[W]e avoid making judgments based on hindsight." Id. A reviewing court's "scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

McDaniel asserts that her trial attorney should have advised her not to plead

guilty and proceed to trial because of the State's inability to establish the element of force for second-degree robbery. This claim is without merit. McDaniel's attorney's determination that "there was no way a prosecutor would agree to a misdemeanor and no way that we would be able to get one from a jury," based on the evidence is not unreasonable. [Doc. # 6-2, p. 12][3] McDaniel does not state any factual basis to dispute the reasonableness of her attorney's assessment of her case other than insisting that her actions would not qualify as "forcible" as required for establishing a conviction of second-degree robbery. The finding of the state appellate court which concluded that McDaniel's actions were in fact sufficient to qualify as "forcibly stealing property" is not an unreasonable determination of the facts in light of the evidence presented in the trial court. McDaniel's attorney provided reasonable professional assistance, and was not constitutionally ineffective. Because McDaniel fails to show her counsel's representation was deficient under the first prong of Strickland, I need not address whether McDaniel was prejudiced.

---

[3]   Q. . . . [I]f I'm not mistaken, I mean you felt
       the prosecutor's evidence was overwhelming in this case?
       A. I thought they could make a robbery, yes.
       Q. Sure. You felt it was a pretty strong case from
       a prosecutor's perspective?
       A. Yes.
[Doc. # 6-2, p. 13]

### D. Equal Protection Rights

To the extent McDaniel's final claim asserts claims not previously addressed, McDaniel further argues that the lack of a trial and ineffective assistance of counsel resulted in due process and equal protection violations under the Fourteenth Amendment and 42 U.S.C. § 1983. When a state prisoner asserts challenges to the "very fact or duration" of her imprisonment, as McDaniel claims here, a writ of habeas corpus is her sole federal remedy. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Construing this claim under the standards for a habeas corpus claim, McDaniel fails to provide factual support for her allegations. To the extent this claim intends to raise issues not previously raised in state court, McDaniel's claims are procedurally defaulted. See 28 U.S.C. § 2254.

## IV. Certificate of Appealability

I have considered whether to issue a certificate of appealability in this matter. To grant a certificate of appealability, I must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882–83 (8th Cir. 1994).

I believe that McDaniel has not made such a showing on the grounds raised in her petition. As a result, I must defer to the state court of appeals' ruling and deny McDaniel's request for habeas relief. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Jasmine McDaniel's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order will be entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of May, 2018.